IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN A. STEWART,

                Plaintiff,

vs.                              Case No. 06-2417-JTM

HP DISTRIBUTION LLP, *et al.*,

                Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on defendants Hitchin' Post Steak Co. and HP Distribution LLP's motion for summary judgment (Dkt. No. 28). Plaintiff Kevin Stewart filed a pro se complaint against his former employer alleging wrongful discharge, race discrimination, and age discrimination.[1] For the reasons stated below, the court grants defendants' motion.

**I. Standard of Review**

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). An issue is *genuine* if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003). A fact is *material* if, under the applicable substantive law, it is

---

[1] Mr. Stewart's exact claims are difficult to discern, and his claim of age discrimination does not appear until his response to the defendants' motion for summary judgment. Nevertheless, giving him a generous leniency due to his pro se status, this court will examine both race and age discrimination claims.

"essential to the proper disposition of the claim." *Id.* In considering a motion for summary judgment, the court must examine all of the evidence in a light most favorable to the nonmoving party. *Lifewise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004); *Jurasek v. Utah State Hosp.*, 158 F.3d 506, 510 (10th Cir. 1998).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to summary judgment. *Baker v. Board of Regents*, 991 F.2d 628, 630 (10th Cir. 1993). The moving party need not disprove the nonmoving party's claim or defense; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate* Co., 812 F.2d 1319, 1323 (10th Cir. 1987).

The party opposing summary judgment must do more than simply show there is some metaphysical doubt as to the material facts. "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in *Matsushita*). The opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. Rather, the opposing party must present significant admissible probative evidence supporting that party's allegations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting FED. R. CIV. P. 1).

## II. Facts

The court makes the following findings of fact. Excluded from these findings are allegations of fact which are not supported by the cited evidence, which are grounded on hearsay or other inadmissible evidence, or which reflect an unexplained and unjustified contradiction of earlier deposition testimony. *See Franks v. Nimmo*, 796 F.2d 1230 (10th Cir.1986). Further, pursuant to local rule 56.1(a), the facts stated in the defendants' memorandum in support of its motion for summary judgment will be taken as admitted due to Mr. Stewart's failure to contravene any of those assertions.

Mr. Stewart began working for HP Distribution,[2] a business involved in the processing and distribution of poultry and beef, in January 2006 as an at-will employee. On February 1, 2006, Mr. Stewart was given a verbal warning by Fenton Barnard, the sales manager, because two female employees had complained that Mr. Stewart had spoken to them in a sexually abrasive manner. In a note to the file, Mr. Barnard documented the meeting in which he advised Mr. Stewart that his employment would be terminated if the conduct occurred again.

Approximately six months later, on July 19, 2006, employee Daisy Lopez complained to distribution manager Bill McNett about comments Mr. Stewart made to her. His suspicion raised due to the earlier complaints about Mr. Stewart, Mr. McNett asked other employees if they were having problems with the plaintiff. In response, other female employees submitted written statements, which detailed sexual and offensive comments that Mr. Stewart had made. Although Mr. Stewart denied making the statements, Mr. McNett terminated his employment because of

---

[2]Defendant Hitchin' Post Steak Company is a related company to Defendant HP Distribution LLP. Although Mr. Stewart has sued both companies, he was never employed by Hitchin' Post Steak Company.

the prior warning given to Mr. Stewart, the multiple incidents reported by the witnesses, and the fact that the witnesses were all long service employees who were known and trusted by Mr. McNett. Upon the termination of his employment, Mr. Stewart brought the present action.

### III. Analysis

*A. Wrongful Discharge*

Mr. Stewart's claim that he was wrongfully discharged cannot be sustained. In his initial complaint, Mr. Stewart indicated that he was wrongfully discharged without further explanation. Kansas courts crafted the tort of wrongful discharge to prevent employers from "coercing employees against the free exercise of their rights under the Kansas Workers Compensation Act." *Wilkins v. Kmart Corp.*, No. 05-4074, 2006 WL 3333744, at *9 (D. Kan. Nov. 16, 2006). Clearly, this tort does not apply to Mr. Stewart, who was never involved in any sort of claim.

Additionally, the facts are clear that Mr. Stewart was an at-will employee, and thus his employment could have been severed "by either party at any time, for any reason." *White v. Gen. Motors Corp.*, 908 F.2d 669, 671 (10th Cir. 1990). Further, Mr. Stewart's claim does not fall within the public policy exception to the employee at-will rule because the termination of his employment is not a clear mandate of public policy. Instead of outlining a violation of public policy, Mr. Stewart simply claims that he was "wrongfully discharged because of lies," an assertion that is not sufficient to sustain a wrongful discharge claim. Accordingly, the defendants' decision to terminate Mr. Stewart's employment was proper and does not constitute wrongful discharge.

*B.  Race Discrimination*

Although Mr. Stewart makes no mention of discrimination in his complaint, he attaches a charge of discrimination submitted to the EEOC and Kansas Human Rights commission stating that he believes he was discharged from his employment due to race discrimination.  Giving Mr. Stewart the benefit of an expansive reading of his complaint, this court will address the issue.

A plaintiff alleging race discrimination may establish a prima facie case by proving that: "(1) plaintiff belongs to a protected class; (2) plaintiff was qualified for his position; (3) plaintiff was discharged despite his qualifications; and (4) the position was not eliminated after plaintiff's discharge."  *Malik v. Amini's Billiard & Bar Stools, Inc.*, 454 F. Supp. 2d 1106, 1112 (D. Kan. 2006) (citing *Baca v. Sklar*, 398 F.3d 1210, 1216 (10th Cir. 2005)).  If plaintiff can show those elements, then the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the challenged employment action.  *Randle v. City of Aurora*, 69 F.3d 441, 451 (10th Cir. 1995).  If the defendant makes such a showing, the burden reverts back to the plaintiff to show the proffered reason is pretextual.  *Id.*

Assuming that Mr. Stewart has met his prima facie case, the defendants have clearly articulated a legitimate, non-discriminatory reason for his termination.  Mr. Stewart's fellow employees made complaints about him repeatedly.  The defendants warned Mr. Stewart appropriately, but chose to terminate him after more complaints came to light.

Because the defendants adequately articulated a legitimate non-discriminatory reason for terminating Mr. Stewart's employment, the burden reverts back to him to show the proffered reason is pretextual, a feat Mr. Stewart cannot attain.  To establish pretext, Mr. Stewart must show either that "a discriminatory reason more likely motivated the employer . . . or that the

employer's proffered explanation is unworthy of credence." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981); *Watts v. City of Norman*, 270 F.3d 1288, 1293 (10th Cir. 2001).

In response to defendants' proffered legitimate, nondiscriminatory reason for discharging Mr. Stewart (i.e. because of multiple complaints of inappropriate and sexual comments to female co-workers), Mr. Stewart's sole argument is that he does not believe the complaints. Other than asserting this belief, Mr. Stewart fails to submit any specific evidence on the issue, and thus fails to meet his burden. A plaintiff's subjective beliefs are not sufficient to create an issue of material fact or establish pretext. *See Branson v. Price River Coal Co.*, 853 F.2d 768, 772 (10th Cir. 1988). Accordingly, the defendants' decision to terminate Mr. Stewart's employment was proper and does not constitute race discrimination.

## C. Age Discrimination

Mr. Stewart made no mention of an age discrimination claim until his response to the defendants' summary judgment motion. Although this claim is untimely, the court will still address it for the sake of clarity.

The ADEA provides that "it shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. . . ." 29 U.S.C. § 623(a)(1). "Employers are to evaluate [older] employees . . . on their merits and not their age." *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611 (1993) (quoting *Western Air Lines, Inc. v. Criswell*, 472 U.S. 400, 422 (1985)). "The employer cannot rely on age as a proxy for an

employee's remaining characteristics, such as productivity, but must instead focus on those factors directly." *Id.*

To prevail in an ADEA claim, plaintiff "must establish that age was a determining factor in the employer's challenged decision." *Lucas v. Dover*, 857 F.2d 1397, 1400 (10th Cir. 1988) (quoting *EEOC v. Sperry Corp.*, 852 F.2d 503, 507 (10th Cir. 1988)). The plaintiff "need not prove that age was the sole reason for the employer's acts, but must show that age made the difference in the employer's decision." *Sperry Corp.* 852 F.2d at 507 (quoting *EEOC v. Prudential Fed. Sav. & Loan Ass'n*, 763 F.2d 1166, 1170 (10th Cir.)).

Except in cases involving direct evidence of discrimination, age discrimination claims are to be analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Marx v. Schnuck Markets, Inc.* 76 F.3d 324, 327 (10th Cir. 1996). Under the burden-shifting of *McDonnell Douglas*, the plaintiff must initially establish a prima facie case of discriminatory discharge. Then, defendant must offer a legitimate, nondiscriminatory reason for its employment decisions. *Randle v. City of Aurora*, 69 F.3d 441, 451 (10th Cir. 1995). If the defendant does so, then the burden reverts to the plaintiff "to show that there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual i.e., unworthy of belief." *Marx*, 76 F.3d at 327.

To establish a prima facie case of age discrimination, the plaintiff must prove: (1) he is within the protected age group; (2) he was doing satisfactory work; (3) he was discharged; and (4) he was replaced with a younger person. *Miller v. Eby Realty Group LLC*, 396 F.3d 1105, 1111 (10th Cir. 2005). The facts do not establish whether Mr. Stewart was replaced with a younger person, and thus his ability to establish a prima facie case is questionable. Assuming,

for the sake of argument, that Mr. Stewart could prove a prima facie case, the defendants meet their burden of offering a nondiscriminatory reason for terminating his employment, namely, that Mr. Stewart continually made abrasive and sexually suggestive remarks to female employees. The burden then reverts back to Mr. Stewart who does not even attempt to prove that the defendants' proffered reasons are a pretext for discrimination.  In short, there is no evidence, whatsoever, that age played any part in the decision to terminate Mr. Stewart's employment. Accordingly, the court concludes that Mr. Stewart's vague reference to age discrimination is insufficient to create an issue of material fact concerning whether the defendants' stated reason for plaintiff's termination was pretextual.

IT IS THEREFORE ORDERED this 17th day of December, 2007, that the court grants defendants' motion for summary judgment (Dkt. No. 28).  Plaintiff's motion for leave to file request to subpoena people and records (Dkt. No. 26) is denied as moot.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE